**E-FILED**
Monday, 07 February, 2005 02:57:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| KENNETH A. MCCREADY, Plaintiff, | } | Civil No. 05 - 2032 |
| | } | Judge |
| vs. | } | |
| | } | Magistrate Judge |
| LARRY STERN, Defendant. | } | |

FILED
FEB - 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**F.R.C.P. 38 & CDIL-LR 38.1 Jury Trial Demand**

COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Kenneth A. McCready, in his own proper person, and with demand for trial by jury, complains against the Defendant Larry Stern as follows:

JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. §§ 1692-1692o (the "Fair Debt Collection Practices Act," "FDCPA," or "Act"), and the Court may properly exercise supplemental jurisdiction over the pendent claims premised in Illinois law and statute pursuant to 28 U.S.C. § 1367.

2. Plaintiff is an individual but NOT a "consumer," as the term is defined in 15 U.S.C. § 1692a and used throughout the Act, residing in Iroquois County. This action is not premised on the consumer provisions of FDCPA.

3. Defendant Larry Stern is a "debt collector," as the term is defined and used in the FDCPA.

4. Defendant Stern's principal place of business is, on Plaintiff's information and belief, Skokie, Illinois. Each of Defendant's letters, applications and advertisements as pleaded herein constitutes a "communication," as used in FDCPA. Stern sent to the Illinois Secretary of State's offices, located in Sangamon County, Illinois (which is in this District and Division) various forms, including an application and affirmation in support of that application for new certificate of title for the subject vehicle. The Defendant's actions caused Plaintiff harm in this District and Division. Jurisdiction and venue are proper here.

## COUNT I--FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §§ 1692-1692o)

5. Plaintiff incorporates the preceding substantive allegations as if the same were fully set forth here.

6. Plaintiff, prior to the unlawful acts complained of herein, had an agreement (described more fully elsewhere herein) with one Vayline Griffin (not a party hereto), by virtue of an assignment from the original obligee, GMAX Motors, Inc., by which Ms. Griffin was obligated to him in particular amounts for a purchase money installment loan agreement.

7. GMAX Motors, Inc. had sold a 1991 Chevrolet Caprice to Vayline Griffin and was granted a purchase money security interest in the Chevrolet in the agreement with Griffin.

8. On or about January 15, 2004, Plaintiff observed in the Pioneer Press newspaper (online edition), the following advertisement:

> LIENS PUBLIC NOTICE Notice is hereby given that on Feb 20, 2004, at 1:00 PM, A sale will be held at: JOHNSON AUTO REPAIR, 7356 S ASHLAND, CHICAGO, IL 60636, To sell the following articles to enforce a lien existing under the laws of the State of Illinois against such articles for labor, services, skill or material expended upon a storage furnished for such articles at the request of the following designated persons, unless such articles are redeemed within thirty (30) days of the publication of this notice. NAME OF PERSON: DELOREIA BURROWS & GMAX MOTORS Description of Article: 1991 CHEVROLET V I N # 1G1BL53E3MW117135 Amount of Lien: $1,995.00 Published in Pioneer Press 1/15/04 (813534) C Pioneer Press Online

9. When Plaintiff observed the advertisement in the Pioneer Press newspapers, he contacted GMAX Motors, Inc., and purchased the loan and security interest for good and valuable consideration. He now holds both the installment loan agreement and the certificate of title for the vehicle (which has been abrogated, as is described more fully elsewhere herein).

10. On Plaintiff's information and belief, Defendant Stern placed the advertisement. The advertisement constitutes a "communication" as the term is defined and used in FDCPA.

11. Stern's core business consists of rendering legal advice to and procuring new certificates of title for mechanic lienor clients. Stern is not a licensed attorney.

12. Though the ad speaks for itself, there are a number of untruths contained in it. Among these are the amount asserted as and for the mechanic lienor, Johnson's Auto's, lien. Plaintiff spoke via telephone with Wallace Johnson, the proprietor of Johnson's Auto, on January 19, 2004. Johnson indicated he had no knowledge whatsoever of the amount asserted as lien, $1995.00. He indicated he had no intention of having such a sale as the advertisement indicated. He said Larry Stern had approached him and advised that he, Larry Stern, could get Johnson a clear title to the vehicles on his lot.

13. Johnson indicated, further, that a lady had brought the vehicle in to his shop for diagnosis, that it was his opinion that the vehicle needed a transmission and that he had done no work on or to the vehicle and that there were then no charges accrued or owing. Lastly, he indicated that he would check with Larry Stern on what was actually going to happen and communicate this to Plaintiff. He did not.

14. Plaintiff, as is his routine practice in such lien cases, wrote Johnson a letter, a copy of which is attached hereto as "Exhibit A" and incorporated herein as if set forth fully. In that letter, Plaintiff asked Johnson to advise him the nature of his work and the terms of his advertised "sale." Johnson failed to respond to the letter.

15. In his letter, he noted that the sale was advertised to be held at 7356 S. Ashland, Chicago, while Johnson's repair shop was actually located at 7256 S. Ashland and asked for clarification of this. Defendant Stern had advertised the sale at a currency exchange at 7356 S. Ashland, while knowing that no such sale would be held there. The address for the sale was not Johnson's facility, nor did Johnson intend to conduct any sale there. Johnson ignored Plaintiff's inquiry.

16. Defendant Stern advertised a sale to be held, while knowing full well that no sale would be held and particularly no sale would be held at the address he published. Stern then prepared and filed with the Illinois Secretary of State an application for new certificate of title in the name of Johnson's Auto, supported by his affirmation that the lien sale was held in accordance with law, while knowing that no sale had been held, that the lien amount asserted was phony and that Johnson had no lien, and that there had been no respect for the law.

17. Stern's application for title was approved by the Secretary of State, and he was issued a new certificate of title for the Chevrolet, which new title "wiped" or

omitted any reference to Plaintiff's prior, perfected security interest. The act of "wiping" the title was a felony.

18. Defendant's attempt to collect any amount including, but not limited to "1995.00" not contracted by Vayline Griffin violates sections 1692e(2)(A) and (B) and 1692f(1) because the amount he was attempting to collect was not authorized by agreement between Griffin, Burrows and Johnson.

19. The Defendant failed to include any of the section 1692e(11) disclosures that his communications were from a debt collector.

20. Of course, no dollar amount could be collected, because none was owed. All of Defendant Stern's attempts to collect any amount violated section 1692e. Stern therefore misrepresented the amount, character and legal status of the putative debt. These actions specifically violated section 1692e(2), (4), (5), and (10).

21. The name, Johnson Auto Repair was also a fictitious name used by Wallace Johnson. However, Johnson had failed to file a certificate of assumed name with the county clerk. Stern should have known this, and his publication of the false name, not the name in which Johnson should lawfully have been conducting business, violates section 1692e(14). The only names Stern could lawfully have used in his collection of the putative debt were his own and the name Wallace Johnson. Johnson Auto Repair is a nonentity.

22. Likewise, Stern's advertisement was misleading and deceptive in and of itself, because it indicated an attempt to collect a debt that was not owed, that the alleged obligor acknowledged was not owed, by sale, which the alleged obligor claimed was not going to take place, and which Stern, the debt collector, advertised at an address and time he knew no sale was going to be held.

23. Stern's advertisement of the name Deloreia Burrows in the January 15, 2004 Pioneer Press advertisement also violates section 1692d(3). Burrows was a consumer, as the term is defined and used in FDCPA. GMAX Motors, as an accommodation, placed Burrows name on the certificate of title for Ms. Griffin. Stern didn't actually know who the actual owner of the vehicle was, but published Burrows' name in violation of sec. 1692d(3).

24. On Plaintiff's information and belief, neither Griffin nor Burrows gave Stern their consent that he might communicate with third persons, in advance of his publication. Because he did not have their consent to such communication, his advertisement of the "foreclosure" sale also violates sec. 1692c(b).

25. Defendant Stern's actions violated section 1692f(6) because he, by applying for new certificate of title, divested Plaintiff of Plaintiff's prior and legitimate property interest in and to perfection of the security interest on the vehicle's certificate of title, and Stern had no right to eliminate it. Thereafter, Plaintiff could not repossess the car because he had no *demonstrable, certifiable* interest in it.

26. As of August 16, 2004, the unpaid balance, including principal and accrued interest, on the loan for which the Chevrolet operated as security, was $1548.00.

27. Stern has done this in, literally, hundreds of cases, and advertises hundreds of sales annually. He has committed numerous felonies in wiping prior, perfected security interests from certificates of title, and he does so willfully, knowingly and maliciously because, as an ex-Secretary of State employee, he can get away with it knowing the Secretary of State and Attorney General won't enforce the laws he is so maliciously violating.

28. It is appropriate that this Court enter judgment in favor of Plaintiff and against Defendant Stern in the amount of the prior obligation that Stern ignored and abrogated, plus $1000.00 as and for statutory damages because of the willful, malicious and particularly unlawful nature in which he acted.

WHEREFORE, Plaintiff prays that this court enter its judgment in his favor against Defendant LARRY STERN in the amount of $2600.00 in damages, or such higher or lesser amount as the trier of fact deems appropriate, together with the costs and attorney fees Plaintiff incurs in this action.

**TRIAL BY JURY IS RESPECTFULLY DEMANDED**

Respectfully submitted,

February 4, 2005

By: ______________________

Kenneth A. McCready
Plaintiff, *in pro per*
P.O. Box 10
Loda, IL 60948
(217) 390-7523

**KENNETH A. MCCREADY**

Debt Broker
P.O. Box 10
Loda, IL 60948

Telephone (217) 386-9426

January 20, 2004

JOHNSON AUTO REPAIR
7356 S ASHLAND
CHICAGO, IL 60636
773-476-2856

Re: LIENS PUBLIC NOTICE Notice is hereby given that on Feb 20, 2004, at 1:00 PM, A sale will be held at: JOHNSON AUTO REPAIR, 7356 S ASHLAND, CHICAGO, IL 60636, To sell the following articles to enforce a lien existing under the laws of the State of Illinois against such articles for labor, services, skill or material expended upon a storage furnished for such articles at the request of the following designated persons, unless such articles are redeemed within thirty (30) days of the publication of this notice. NAME OF PERSON: DELOREIA BURROWS & GMAX MOTORS Description of Article: 1991 CHEVROLET V I N # 1G1BL53E3MW117135 Amount of Lien: $1,995.00 Published in Pioneer Press 1/15/04

Dear Sir/Madam:

I'm writing to express my interest in your apparent foreclosure of a lien on the above vehicle. I buy items at sales of this nature. The laws governing these proceedings require that the sale be commercially reasonable--that an actual sale be held--and this means that you cannot simply fill out the Secretary of State paperwork in order to obtain new title in your name. I am now identifying myself to you as someone who is *ready, willing and able to bid on and perhaps buy the vehicle*. To make your sale commercially reasonable, it now rests with you to answer my questions. Please contact me at your earliest convenience, so that I may make my necessary arrangements and perform all due diligence in advance of your sale.

First, I would like the opportunity to inspect the vehicle and your work order(s) well in advance of the sale date. You should deem this to be a reasonable request because anybody who would bid or make an offer would expect to know what work had recently been done, which would affect the vehicle's value. Of course, I'd also like to determine what general condition the vehicle is in and whether it will need additional (especially substantial) repairs. If you intend to bid, yourself or through a nominee or insider, it would be unreasonable for you to withhold this information from the other potential buyers. I need to know this, in order to determine the best and highest amount I'd be willing to bid. It is, of course, your lawful duty to maximize the net proceeds. To fail to do so may void any such sale.

Your ad does not say how you intend to sell the vehicle. Please tell me how you intend to sell it so I may participate. I also would like to know who in your employ is conducting the sale that day and at what portion of your premises the sale will be so I don't appear and wander around trying to find the exact location on your premises where the sale will be held, as has happened before. I see your facility may actually be at 7256 S. Ashland rather than 7356 S. Ashland (Infospace Yellowpages) Will you please confirm where the sale will actually be held? Also, your ad does indicate there may be one or more prior, perfected security interests competing with your lien in the vehicle. Have you given the lienholder(s) appropriate notice? I'd hate to buy it and immediately be sued by a lienholder who did not receive notice of your proceeding.

You may be getting advice in this proceeding from someone who claims to be some kind of expert in such matters. You need to be aware that, if they aren't licensed Illinois lawyers, they may be engaged in the unauthorized practice of law. You may be committing contempt of court merely by employing them. You should also ask yourself why you're taking legal advice on such intricate legal matters from a non-lawyer. When your non-lawyer legal advisor fouls up, who can you sue? Non-lawyers can't buy legal malpractice insurance. In the second place, they may not know what it is that they're doing--at all! One example of this, and why it is so imperative that you answer my reasonable questions herein, and quickly, is that your "expert" lien service has scheduled a number of similar lien sales at the same moment in time as yours, and all over the county. You don't think this is commercially reasonable, do you? Please respond quickly to my inquiries, in order that I may know which of these sales I will attend. If I were you, I would not do business with anyone who's doing a lawyer's job (and charging a pretty fee as well), without benefit of the same legal education and certification! They're setting you up for liability from three or four different sides. Best to retain competent legal counsel to tackle your legal tasks! If you intend to impose any other restrictions or unusual conditions on the sale, please let me know of them immediately

Sincerely,

Kenneth A. McCready

**EXHIBIT "A"**

05 - 2032

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

RECEIVED

FEB 0 4 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Kenneth A. McCready
P.O. Box 10 LODA IL 60948
(217) 390-7523 (speedyken@direcway.com)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Iroquois
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Larry Stern

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
same as above

ATTORNEYS (IF KNOWN)
unknown

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandemus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/ Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☑ 890 Other Statutory Actions

## V. ORIGIN
(PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff seeks redress for violations of Fair Debt Collection Practices Act, 15 USC 1692, et seq

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** $2700 more/less

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ____________________ DOCKET NUMBER ____________________

DATE
February 4, 2005

SIGNATURE OF ATTORNEY OF RECORD
[signature]