E-FILED
Monday, 14 March, 2005 02:39:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| KENNETH A. MCCREADY, Plaintiff, | } | Civil No. 05-2032 |
| | } | |
| | } | Judge Michael McCuskey |
| vs. | } | |
| | } | |
| LARRY STERN, | } | |
| Defendant. | } | |

FILED
MAR 14 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT LARRY STERN**

## I. PRELIMINARY STATEMENT

Plaintiff Kenneth A. McCready seeks the entry of default judgment of Defendant Larry Stern, by virtue of Defendant Stern's failure to appear or defend in the total amount of $2600.00 plus costs and interest. A default judgment is the appropriate resolution of the Plaintiff's suit against the Defendant. He has not and will not defend against Plaintiff's Complaint, despite appropriate notice to him (summons) providing him the opportunity and, in fact, the obligation to come in and defend. Continued litigation of the Plaintiff's charges against this Defendant would be fruitless. Further, the proposed default judgment is justified. The evidence establishes that Defendant violated numerous sections of the Fair Debt Collection Practices Act. Those violations of law resulted in the loss to Plaintiff of a perfected security interest in a vehicle which operated as security for a loan, which is now otherwise uncollectible. The value of the loan, as of the time of the taking, was approximately $1548.00. Because of the Defendant's numerous willful and intentional violations of FDCPA resulting in this loss

to Plaintiff, it is appropriate that the Court also award Plaintiff the additional $1000.00 statutory damages permissible under the Act.

## II. HISTORY OF THE CASE

Plaintiff filed his Complaint in this District on February 4, 2005, alleging the Defendant's numerous violations of the Fair Debt Collection Practices Act (FDCPA or the "Act"), 15 U.S.C. § 1692-1692o, *et seq*. The Complaint seeks damages against Defendant Stern, with respect to those violations, as authorized by Section 813 of the Act, 15 U.S.C. § 1692k. The Summons and Complaint were personally served on Defendant Stern on February 10, 2005, as shown by the process server's affidavit of service (Docket # 4 ) and Plaintiff's March 7, 2005 REQUEST TO CLERK TO ENTER DEFAULT OF DEFENDANT STERN (Docket # 5 ). Defendant Stern failed to file or serve an answer or any other pleading responsive to the Complaint, and the Court entered Defendant Stern's Default, March 9, 2005 (Docket # 6).

## III. THE COURT SHOULD ENTER THE PROPOSED JUDGMENT

### A. The Court has Already Entered Stern's Default

The Court properly entered default against Defendant Stern for his failure to defend as required by law.

### B. Entry of Default Judgment By this Court is Warranted

Following the entry of default against a Defendant, the Plaintiff may apply for a judgment based upon such default. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Federal Rule 55(b)(2) authorizes the Court to enter judgment by default.

The Court is authorized to enter default judgment in certain circumstances. Federal Rule 55(b)(2); see, also, Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26. It is true that default judgments are disfavored. *Pena v. Seguros La Comercial*, S. A., 770 F.2d 811, 814 (9th Cir. 1985). This is a case where default judgment is proper.

Factors to consider when determining whether to grant default judgment include: (1) the possibility of prejudice to plaintiff if relief is denied; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the amount of money at stake; (5) the possibility of dispute as to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the policy favoring resolution of cases on the merits. *Eitel v. McCool* 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors set forth in *Eitel* strongly weigh in favor of granting default judgment here. First, the Plaintiff will be prejudiced if relief is denied because Plaintiff will be unable to redress the harm Defendant Stern caused by his unlawful acts. Next, the Defendant's violations are statutory and don't require proof of intent or ill will. The violations are made out simply and unambiguously. A judgment is necessary to award damages necessary to

deter future violations not only by Defendant Stern but others who would represent themselves to be "experts" in assisting mechanic lienor clients foreclose labor and storage liens. The second and third "Eitel factors" require that plaintiffs' allegations state a claim upon which plaintiffs may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir 1978). In determining whether a complaint alleges facts which constitute a claim upon which relief can be granted, **the Court must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the complainant**. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The allegations in the complaint are to be liberally construed. *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983). The FDCPA is also to be liberally construed, because it is consumer protection legislation. See, e.g., *Ross v. Commercial Fin. Services*, 31 F. Supp.2d 1077, 1079 (N.D. IL 1999) (FDCPA to be liberally construed). The FDCPA is a strict liability statute and only one violation need be proved in order for a Plaintiff to recover. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). Plaintiff has alleged numerous Stern violations of FDCPA. Thus, the complaint states a claim unless it is apparent beyond doubt that the plaintiff cannot prove any set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff is the secured party in an installment loan agreement between himself (by virtue of assignment) and one Vayline Griffin. (Compl., ¶¶ 6-7). That loan agreement was secured by a security interest in a 1991 Chevrolet which was duly noted on the vehicle's certificate of title, which Plaintiff has in hand. (Compl., ¶ 9, McCready

Affidavit, ¶ 2). It appears Ms. Griffin took the car in to a repair shop for repairs. That repair shop was owned by one Wallace Johnson, who was doing business under the fictitious business name Johnson Auto Repair at 7256 South Ashland Avenue in the city of Chicago. (Compl., ¶ 11). At some point, Defendant Larry Stern, who represented himself to be an expert in foreclosing such "mechanic" liens while not being licensed to practice law (Compl., ¶ 11), appeared at Mr. Johnson's premises and advised that he could simply obtain a new, "cleaned" Illinois certificate of title for Johnson. (Compl., ¶ 12). In so doing, Stern committed numerous offenses in attempting the collect putative debt owed Wallace Johnson. First, Mr. Stern engaged in communications with the general public (Compl., ¶¶ 4, 8, 10), in violation of secs. 1692c(b) and 1692d(3). If Stern had not engaged in such communications, he would not have succeeded in unlawfully divesting Plaintiff of his interest. When Plaintiff first observed the advertisements published by Defendant Stern, he began "due diligence" investigation to determine whether he'd like to purchase the car and, after he acquired the installment loan agreement and security interest in the vehicle, to ensure that any sale would be conducted in a commercially reasonable fashion. When Plaintiff talked to Mr. Johnson in this investigation, Johnson indicated that he had done no work to the vehicle and was owed nothing. (Compl., ¶ 12). Defendant Stern's publication of an advertisement (which constitutes a "communication" as the term is defined and used in FDCPA) contained various misleading, untrue and deceptive misrepresentations. First is the misrepresentation that any amount was then owed (which Johnson had disavowed). Second is the publication of a sale at an address with which Johnson had no connection

and no knowledge (7356 S. Ashland, instead of Johnson's true address, 7256 S. Ashland). Stern published this address, while knowing: (1) That there was no debt owed, (2) that there was to be no sale, *anywhere*, but particularly no sale at 7356 S. Ashland, and (3) that it was his intention simply to apply to the Illinois Secretary of State (for whom he apparently once worked) in order to obtain a new title. (Compl., ¶¶ 12-16). By virtue of the default entered in the instant action, Defendant Stern is deemed to have admitted, and the Plaintiff is deemed to have proven the truth of these allegations. The Defendant's use of these untrue and deceptive tactics violates 15 U.S.C. §§ 1692e(2)(A) and (B), 1692e(5), 1692e(10) and 1692f(1). The specific violation committed by Defendant Stern, in collecting the debt owed Johnson, that caused Plaintiff's damages, was Stern's act of applying for new certificate of title, which application was granted by the Secretary of State, thereby resulting in creation of a new title in the name "Johnson Auto Repair" (a non-entity), and omitting Plaintiff's prior, perfected security interest. (Compl., ¶¶ 17-25). The act of "wiping" Plaintiff's prior, perfected security interest from the vehicle's title was unlawful. See, e.g., 625 ILCS 5/4-105:

> (a) It is a violation of this Chapter for:
>
> * * *
>
> 5. a person to use a false or fictitious name or address or altered, forged, counterfeited or stolen manufacturer's identification number, or make a material false statement, or **fail to disclose a security interest**, or conceal any other material fact on any application for any . . . certificate of title, junking certificate, salvage certificate, registration card, license plate, temporary registration permit, or registration sticker or **commit a fraud** in connection with **any application** under this act. . . . [Emphasis added].
>
> * * *

> (b) Sentence: A person convicted of a violation of this Section shall be guilty of a Class 2 felony.

Following Defendant Stern's advertisements of a phony sale, and his subsequent application for new certificate of title, Plaintiff was unable to exercise the rights granted him in the Griffin installment loan agreement and the Uniform Commercial Code to repossess the vehicle, because his title, on which the security interest was noted, had been superceded by an illegally-obtained title certificate. The original obligor has defaulted in her payments and disappeared. The Plaintiff's monetary damages are, measured as the loss of the value of the security interest in the vehicle, at the time of Stern's unlawful acts, $1548.00. $116.10 in interest has accrued and is owing since then.

It is true that the FDCPA is traditionally used by consumers seeking redress for wrongs committed by debt collectors in collection of debts. In the instant case, Plaintiff is not seeking redress as a consumer. Many FDCPA provisions are not limited to consumers. See, e.g., *West v. Costen*, 558 F.Supp. 564 (W.D. VA 1983), *Villareal v. Snow*, 1996 WL 28254, 1996 WL 28282, 1996 U.S. Dist. LEXIS 667, *6 (N.D. IL Jan. 19, 1996); *Whatley v. Universal Collection Bureau*, 525 F. Supp. 1204, 1205-6 (N.D. GA 1981). Any person who suffers damages as a result of FDCPA violations may bring a claim in the federal courts. *Dutton v. Wolhar*, 809 F. Supp. 1130, 1134-35 (D. DE 1992); *Flowers v. Accelerated Bureau of Collections*, 96-C-4003, 1996 WL 136313, 1997 U.S. Dist. LEXIS 3354, (N.D. IL Mar. 19, 1997), *later op.*, 1997 WL 224987, 1997 U.S. Dist. LEXIS 6070 (N.D. IL Apr. 30, 1997); *Riviera v. MAB Collections, Inc.*, 682 F.Supp. 174, 175 (W.D. NY 1988);

*Wright v. Finance Svc. Of Norwalk, Inc.*, 996 F.2d 820 (6th Cir. 1993), aff'd, *en banc*, 22 F.3d 647 (1994). Section 1692k(a) provides the right of action in Plaintiff: "***[A]ny debt collector*** who fails to comply with any provision of this subchapter with respect to **any person is liable** to such person. . . ." {Emphasis added]. It is thus clear that FDCPA provides a remedy for Plaintiff, though he is not a "consumer" under FDCPA.

No evidence need be considered in determining whether the Complaint allegations are true (*Televideo Sys.Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) ("[T]he general rule of law is that upon default the factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true").

With respect to the fifth *Eitel* factor, there is little if any possibility of dispute as to any material facts in this case. First, there is no genuine possibility of dispute when defendant has failed to answer the complaint and default has been entered. *SEC v. Abacus Int'l Holding Corp.*, 2001 U.S. Dist. LEXIS 12635 at *9 (N.D. CA 2001) ("The law is clear that upon entry of default all well-pleaded factual allegations set forth in the complaint will be taken as true, except those pertaining to damages. *Televideo Systems v. Heidenthal*, 826 F.2d 915, (9th Cir. 1987). Defendant Stern has not filed any document disputing any fact, or, for that matter, filed *any* substantive document. Nor has the Defendant communicated any dispute of the facts to Plaintiff. Second, the allegations of material fact in the Complaint appear to be true. Accordingly, there is and will be no

dispute as to any material fact in this case, and if a default judgment is not entered, the Plaintiff will be required to proceed against a Defendant who will not defend himself.

With respect to the sixth *Eitel* factor, Defendant's failure to answer was not a result of excusable neglect, but rather the result of an intentional decision not to defend. The Summons and Complaint were served on Defendant personally a month ago. Defendant is therefore clearly aware of this lawsuit and the need to defend himself. Nonetheless, Defendant has never called or otherwise communicated with Plaintiff. His failure to do so by this late date cannot be characterized as excusable neglect.

Lastly, the policy favoring resolution of cases on the merits should be given little weight in this matter. Defendant has failed to defend himself in an action in which is alleged a *prima facie* case of multiple violations of the Fair Debt Collection Practices Act. In cases such as this one, default judgment is appropriate. See *Televideo Systems*, 826 F.2d at 917-18 (holding that plaintiff had exceeded requirements for entry of default judgment by providing evidence of *prima facie* case of entitlement to judgment).

## COUNT I

The Court is authorized to grant relief in this case pursuant to Section 813 of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k. Under Section 813 of the Act, 15 U.S.C. §1692k, the Plaintiff is authorized to bring suit in a United States District Court to enforce liability under FDCPA. Section 813 also authorizes the court to enter an award of actual damages and additional exemplary damages of as much as $1,000.00. The Plaintiff's Complaint alleges that Defendant Stern has violated, in several instances, Sections 805-809 of the FDCPA, 15 U.S.C. 1692c-1692f. As of August 16, 2004, the amount due on the defaulted loan agreement was $1548.00. Since then, of course, interest in the amount of $116.10 (the contract rate is 15% APR) has accrued and is owing (15% x (6) six months (to Feb. 16, 2005) = eff. 7.5%). Plaintiff's actual damages are, thus, at the minimum, $1664.10 (see Plaintiff's Affidavit at ¶3, attached hereto as Exhibit "A"); see, also, Affidavit and Statement of Account, Akin Ojuluwayo, President, GMAX Motors, Inc. (the originator of the installment loan agreement) at ¶6, attached hereto as Exhibit "B". Imposition of an additional $935.90 in statutory damages is appropriate because of the number of willful and, under Illinois law, felonious, violations of FDCPA pleaded in Count I. The Complaint sufficiently alleges numerous violations of FDCPA, as to which the Court may enter an award of Plaintiff's actual damages and an award of additional damages of as much as $1000. Plaintiff asks for $2600 in the "wherefore" clause of the Complaint. Entry of Judgment in the amount of $2600 plus interest and costs is therefore, just and appropriate.

### C. The Order Proposed by Plaintiff Should Be Entered

Plaintiff has appended a proposed Judgment and order for monetary relief. The proposed provisions are reasonable, warranted and should be entered by the Court.

#### 1. The Proposed Monetary Relief is Reasonable

The proposed order includes a money judgment in the amount of $2600 plus interest. This amount reflects Plaintiff's actual damages of at least $1664.10 and statutory damages under the FDCPA of $935.90 (limited by Plaintiff's *ad damnum*). Defendant Stern, as a professional debt collector who is engaged in the unauthorized practice of law, knows that what he is doing is in contravention of many laws. If the Court imposes the maximum statutory damages, Stern will be encouraged to step back and take a hard look at his chosen profession. Of course, though this is not a consumer protection action, the interests of consumers with whom Stern chooses to deal in the future will, inevitably, be protected by imposition of the additional statutory damages. When Stern realizes that he may be assessed $1000 in statutory damages for every violation, he may simply stop his unlawful practices. Plaintiff is entitled to this monetary relief under Section 813 of the FDCPA, 15 U.S.C. § 1692k. The proposed monetary Judgment for $2600.00 plus the costs of suit and interest should enter.

### 2. Defendant Is Not Exempt from Default Judgment

Federal Rule of Civil Procedure 55(b)(2) prohibits entry of a default judgment against an infant or incompetent person unless represented in the action by a guardian or other such representative. Fed.R.Civ.P. 55(b)(2). The Soldiers' and Sailors' Civil Relief Act of 1940 requires Plaintiff to file an affidavit setting forth facts showing that Defendant is not in military service. 50 U.S.C. app. § 520. Plaintiff does not believe Defendant to be an infant, incompetent person, or exempted under the Soldiers' and Sailors' Civil Relief Act of 1940 (see, e.g., Exhibit A).

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that his Motion for entry of Judgment by virtue of default against Defendant Larry Stern be granted and the proposed Judgment enter. As a practical matter, if this Court assesses the Plaintiff's damages against Stern, and imposes the $1000 statutory damages, it will go a long way toward curtailing the inscrutable activities (there is no administrative oversight of these proceedings) of other so-called "experts" who advise mechanic lienors in Illinois.

Dated: March 11, 2005

By: ______________________

Kenneth A. McCready
Plaintiff, *in pro per*
P.O. Box 10
Loda, IL 60948
(217) 390-7523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| KENNETH A. MCCREADY, Plaintiff, | } | Civil No. 05-2032 |
| | } | Judge Michael McCuskey |
| vs. | } | |
| LARRY STERN, Defendant. | } | |

FILED
MAR 14 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## NOTICE OF FILING

**To: USDC CD IL, Urbana Div, Clerk,** 218 U.S. Courthouse 201 S. Vine Street Urbana IL 61802 Telephone: 217-373-5830; **Larry Stern, Defendant,** 4307 Suffield Court Skokie, IL 60076 (847) 679-9139

Please take notice that on March 12, 2005, I mailed to be filed with the Clerk of this Court, one copy of Plaintiff's Request to Clerk to Enter Default of Defendant Stern, and one copy of this document.

Name: Kenneth A. McCready, Plaintiff, *in pro per*
Address: P.O. Box 10 Loda, IL 60948
Telephone: (217) 390-7523

## PROOF OF SERVICE BY MAIL

I, Kenneth A. McCready, not an attorney, state that on March 12, 2005, I served a copy of this notice and each document specified above on each person to whom it is directed above by placing it in an envelope addressed to him or her on which first-class postage is duly prepaid and depositing the envelope in the U.S. mail in Loda, Illinois.

[ X] "Under penalties as provided by law I certify that the statements set forth in this instrument are true and correct."

Dated: March 12, 2005

By: [signature]
Kenneth A. McCready