E-FILED
Monday, 14 March, 2005 04:39:07 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **KENNETH A. MCCREADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No: 05-2032** |
| | ) | **JURY DEMANDED** |
| **LARRY STERN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO VACATE ENTRY OF DEFAULT AND FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**

Defendant, LARRY STERN, by and through his attorneys, Flynn, Palmer & Tague, by the undersigned attorney, for his Motion to Vacate Entry of Default and for Extension of Time to File a Responsive Pleading, states as follows:

1. On or about February 4, 2005, Plaintiff filed a Complaint and Demand for Jury Trial in the instant case. A Summons was issued to Defendant, LARRY STERN, on or about the same date.

2. Defendant was served with the Summons and a copy of the Complaint on or about February 10, 2005.

3. Upon receipt of service of Summons, Defendant began his attempts to seek legal representation in this case. However, despite his best efforts, Defendant was unable to obtain representation within twenty days of his date of service.

4. On March 2, 2005, while still unsuccessful in his attempts to obtain legal representation, Defendant filed with this Court a pro se Entry of Appearance. Said Appearance was filed within twenty days of the date Defendant had been served with Summons in this case.

5. Defendant continued to seek legal representation and, on the morning of Friday, March 11, 2005, spoke with Robert E. Jacobson of Flynn, Palmer & Tague. Said attorney agreed to represent Defendant and filed his Appearance in this matter on March 14, 2005.

6. On March 8, 2005, Plaintiff filed a Motion for Entry of Default.

7. On March 9, 2005, an Order granting Plaintiff's Motion for Entry of Default was granted, said Order providing that Plaintiff is allowed fourteen (14) days to file a motion for default judgment with supporting documentation to support any award of damages.

8. Defendant received copies of the above-referenced Motion and Order on the afternoon of March 11, 2005, and promptly sent copies of the same - by facsimile - to Robert E. Jacobson.

9. Defendant presumes that Plaintiff will object to this Motion - regarding both the request to vacate the entry of default and the request for an extension of time to file a responsive pleading.

10. Defendant respectfully states that granting this Motion to Vacate Entry of Default should be granted for the following reasons:

A. Defendant was diligently seeking to obtain legal representation once he was served, but was unable to do so within twenty (20) days of said service;

B. Although Defendant did not file a responsive pleading within twenty (20) days of service, he did file a pro se entry of Appearance with the Court and, meanwhile, continued his attempts to obtain legal representation;

C. Defendant did find legal representation within a very short time after the expiration of the above-referenced twenty (20) day period.

D. The issues raised in Plaintiff's Complaint are such that it is necessary for

Defendant's counsel to have an extension of time to prepare and file a responsive pleading;

E. It would not be prejudicial to Plaintiff to vacate the entry of default or to allow Defendant an extension of time to file a responsive pleading; and

F. A denial of this Motion to Vacate the Entry of Default and for an Extension of Time to File a Responsive Pleading would be a substantial injustice to Defendant and would not be in the interest of justice.

WHEREFORE, Defendant, LARRY STERN, respectfully requests this Court grant his Motion to Vacate Entry of Default and for an Extension of Time to File a Responsive Pleading and grant him the following relief:

A. Vacate the entry of the Order entered by default on March 9, 2005;

B. Grant Defendant leave to file a responsive pleading no later than twenty (20) days after the Court rules on this Motion; and

C. Order whatever further relief this Court deems just.

BY: FLYNN, PALMER & TAGUE
Attorneys for Defendant

By__/s/ Robert E. Jacobson________
Robert E. Jacobson

Prepared by:
Robert E. Jacobson
Flynn, Palmer & Tague
402 W. Church St.
P.O. Box 1517
Champaign, IL 61824-1517
Telephone: (217) 352-5181
Facsimile: (217) 352-7964