**E-FILED**
Monday, 04 April, 2005 01:46:36 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **KENNETH A. McCREADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-2032** |
| | ) | **JURY DEMANDED** |
| **LARRY STERN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO DISMISS**
**PURSUANT TO FRCP 12(b)(1)**

Defendant, LARRY STERN, by and through his attorneys, Flynn, Palmer & Tague, by the undersigned attorney, for his Motion to Dismiss Pursuant to FRCP 12(b)(1), states as follows:

**BACKGROUND**

In the instant case, Plaintiff is alleging that Defendant placed the following Notice in the Pioneer Press newspaper:

> LIENS PUBLIC NOTICE Notice is hereby given that on Feb 20, 2004, at 1:00 PM, A sale will be held at: JOHNSON AUTO REPAIR, 7356 S ASHLAND, CHICAGO, IL 60636, To sell the following articles to enforce a lien existing under the laws of the State of Illinois against such articles for labor, services, skill or material expended upon a storage furnished for such articles at the request of the following designated persons, unless such articles are redeemed within thirty (30) days of the publication of this notice. NAME OF PERSON: DELOREIA BURROWS & GMAX MOTORS Description of Article: 1991 CHEVROLET V I N #1G1BL53E3MW117135 Amount of Lien: $1,995.00 Published in Pioneer Press 1/15/04 (813534) C Pioneer Press Online

Plaintiff further alleges that, upon reading said Notice, he contacted the lien holder (GMAX Motors, Inc.) that was listed in said Notice and proceeded to obtain an assignment of the

loan and security agreement from GMAX, although the purported assignment appears to have been executed on August 16, 2004.

Plaintiff further alleges that he next proceeded to contact the party asserting the lien in the Notice (Johnson Auto Repair) and spoke by telephone with the business' owner, Wallace Johnson. Plaintiff alleges Mr. Johnson told him that he had no knowledge of the lien amount or sale and that, "Larry Stern had approached him and advised him that he, Larry Stern, could get Johnson a clear title to the vehicles on his lot." Plaintiff further claims that Mr. Johnson told him that a lady brought the vehicle to his shop for repair, that the vehicle needed a transmission, that he had done no work on the vehicle, and that there were no charges accrued or owing.

Plaintiff next alleges that he wrote a letter to Wallace Johnson (a copy of which is attached to Plaintiff's Complaint as "Exhibit A") and that Johnson failed to respond. This letter asked Johnson for details regarding the upcoming sale set forth in the Notice and also pointed out what Plaintiff believed to be errors or inaccuracies in said Notice.

Plaintiff then makes a number of allegations against Defendant:

a. That Defendant advertised a sale knowing the sale would not be held;

b. That Defendant filed an application with the Illinois Secretary of State for a certificate of new title in the name of Johnson Auto Repair;

c. That the lien amount was "phony", Johnson had no lien, and there was no respect for the law; and

d. That the new title "wiped out" any reference to Plaintiff's alleged security interest.

Based upon these allegations, Plaintiff asserts Defendant violated a number of provisions of the Fair Debt Collection Practices Act. Of course, these allegations and claims of FDCPA violations are entirely premised upon the assumption that the FDCPA applies to this case. This is a faulty premise.

**MOTION**

1. The only alleged basis for this Court's subject matter jurisdiction in this case is Plaintiff's assertion that the Fair Debt Collection Practices Act is applicable. In fact, the FDCPA is not applicable to the case. Accordingly, this Court has no jurisdiction, and the cause should be dismissed.

2. In a Motion to Dismiss brought pursuant to FRCP 12(b)(1), all well pled allegations in the Complaint are, for the sake of the Motion, assumed to be true.

3. The facts pled by Plaintiff in his Complaint - even if, for the sake of this Motion, are assumed to be true - do not support Plaintiff's claim that Defendant was acting as a debt collector.

4. The FDCPA definition of "debt collector" applies to, for purposes of Section 1692f(6), "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests". The crucial point is that the statute is explicit that this inclusion of enforcers of security interests is, "for the purpose of Section 1692f(6)". 15 U.S.C. Sec. 1692a(6).

5. The allegations of the Complaint - if true - would show Defendant to have taken steps to assist Wallace Johnson, d/b/a Johnson Auto Repair, in enforcing a security interest in a vehicle. Specifically, as stated in the Notice, Defendant was taking steps "to enforce a lien

existing under the laws of the State of Illinois against such articles for labor, services, skill or material expended upon or (sic) storage furnished for such articles ...".

6. Accordingly, all claims brought by the Complaint alleging violation of any section of the FDCPA must be dismissed for lack of jurisdiction because - even assuming Plaintiff's allegations to be true, Defendant was enforcing a security interest and, as such, only Section 1692f(6) could even potentially apply.

7. Regarding Section 1692f, this section sets forth that:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general applicable of the foregoing, the following conduct is a violation of this section: ... (6) taking or threatening to take any non-judicial action to effect dispossession or disablement of property if - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

15 U.S.C. 1692f(6).

8. The only claim that Defendant violated Section 1692f(6) is found in paragraph 25 of Plaintiff's Complaint.

9. In said paragraph, Plaintiff alleges that Defendant applied for a new certificate of title, thereby divesting Plaintiff of his property interest in the vehicle. This allegation does not support a violation of 1692f(6) for a number of reasons.

10. First, Defendant did not file an application for a new certificate of title. (See Affidavit attached hereto as "Exhibit A".)

11. The use of an Affidavit in support of a Motion to Dismiss brought pursuant to FRCP 12(b)(1) is acceptable. Cooper Industries, Inc. v. U.S. E.P.A., 775 F.Supp. 1027 (W.D. Mich. 1991); Kontos v. U. S. Department of Labor, 826 F.2d. 573 (7th Circ. 1987).

12. Plaintiff has presumed that Defendant applied for a new certificate of title but does not sufficiently plead any basis for this presumption. Plaintiff does not attach as an exhibit any document purporting to be an application for a new certificate of title filed with the Illinois Secretary of State by Defendant (which would be readily available and could be easily obtained).

13. Plaintiff does not even allege - as he does with some other allegations - that Wallace Johnson "told" Plaintiff that Defendant had applied for a new certificate of title.

14. Plaintiff's only alleged interaction with Wallace Johnson took place on January 19, 2004, which - since it was prior to the date of the sale set forth in the Notice - was before any application for a new certificate of title could have been filed by Defendant, Wallace Johnson, or any other person.

15. More importantly, even according to Plaintiff's own Complaint, his allegation that Defendant applied for a new certificate of title has absolutely no basis and could be nothing more than a presumption or assumption - but certainly not based upon any information or belief.

16. Plaintiff currently has filed a claim against the Estate of Wallace Johnson regarding the same circumstances alleged in the Complaint. Said claim is currently pending in the Probate Court of Cook County.

17. Defendant asserts that any claim Plaintiff may have regarding the alleged circumstances set forth in this Complaint is properly brought in a State Court action against Wallace Johnson - or, in this situation, - the Estate of Wallace Johnson.

18. If Plaintiff wishes to allege Defendant has improperly enforced a security interest pursuant to Illinois law, that is also something that would be properly with the jurisdiction of the State Court.

**CONCLUSION**

Because the Defendant is - even assuming Plaintiff's allegations to be true - enforcing a security interest, the only provision of the FDCPA that could potentially apply is Section 1692f(6). This necessitates a dismissal of all allegations of FDCPA violations other than the single allegation pertaining to Section 1692f(6).

Regarding the alleged Section 1692f(6) violation, this pleading must be dismissed due to its insufficiency, as well as Defendant's Affidavit regarding the allegation of said violation. Accordingly, this Court is left with no basis upon which to exercise subject matter jurisdiction over this case.

Plaintiff's appropriate recourse is against Wallace Johnson and - whether against Wallace Johnson or Larry Stern - jurisdiction lies with the State Court of Illinois.

WHEREFORE, Defendant, LARRY STERN, respectfully requests that his Motion to Dismiss be granted and that this cause be dismissed with prejudice.

BY: FLYNN, PALMER & TAGUE,
Attorneys for Defendant,

By: /s/ Robert E. Jacobson

Robert E. Jacobson
FLYNN, PALMER & TAGUE
402 West Church Street
P. O. Box 1517
Champaign, IL 61824-1517
Telephone: (217) 352-5181
Fax: (217) 352-7964