**E-FILED**
Monday, 04 April, 2005 01:49:30 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **KENNETH A. MCCREADY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No: 05-2032** |
| | ) | **JURY DEMANDED** |
| **LARRY STERN,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**

Defendant, LARRY STERN, by and through his attorneys, Flynn, Palmer & Tague, by the undersigned attorney, for his Memorandum of Law in Support of Motion to Dismiss Pursuant to FRCP 12(b)(1), states:

Plaintiff is alleging that Defendant has violated a number of provisions of the Fair Debt Collection Practices Act. 15 U.S.C. 1692 et seq. This Court does not have subject matter jurisdiction over this matter if the FDCPA does not apply. It is clear that the FDCPA does not apply - even if the allegations in Plaintiff's Complaint are assumed to be true.

Defendant's Motion to Dismiss, brought pursuant to FRCP 12(b)(1), demonstrates that - because the FDCPA does not apply to this cause - this Court does not have subject matter jurisdiction and, as such, Plaintiff's Complaint should be dismissed.

In order for the FDCPA to apply, the party in question must be a "debt collector" within the meaning of the statute. Section 1692a or the Act sets forth the definition of "debt collector". 15 U.S.C. 1692a. This definition is clear that an enforcer of security interests is a "debt

collector" only for purposes of section 1692f(6) of the Act. Jordan v. Kent Recovery Services, Inc. et al., 731 F.Supp.652 (Dist.Ct. Delaware 1990).

In Jordan, the Court goes to great length to explain why only section 1692f(6) is the only provision applicable to the enforcers of security interests. Jordan, 731 F.Supp. at 657.

It appears that the only cases dealing with applicability of the FDCPA to the enforcers of security interests including Jordan - are all dealing with automobile repossessors. Unfortunately, the FDCPA does not define "enforcers of security interests". Nevertheless, since Plaintiff's Complaint alleges that Defendant placed a Notice in a local newspaper that specifically gives as its purposes, "to enforce a lien existing under the laws of the State of Illinois", it is clear that this is what is being alleged. If, for the purposes of this Motion to Dismiss, one is to assume Plaintiff's allegations to be true, he is clearly alleging that Defendant was enforcing a security interest. As such, all provisions of the Act - except for 1692f(6) - would be completely inapplicable to Defendant based upon Plaintiff's own allegations.

Next, even Plaintiff's allegations pertaining to section 1692f(6) reveal that this section also does not apply. This section of the Act states as follows:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general applicable of the foregoing, the following conduct is a violation of this section: ... (6) taking or threatening to take any non-judicial action to effect dispossession or disablement of property if - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

15 U.S.C. 1692f(6).

Plaintiff alleges that Defendant's violation of this section was the act of applying for a new certificate of title. However, Defendant's Affidavit demonstrates that he did not apply for a new certificate of title. Defendant does not know whether Wallace Johnson, or any other person,

filed any such application, but he knows that he did not. (Of course, as stated the Motion, it would be easy for Plaintiff to have inquired with the Illinois Secretary of State and determine that Defendant filed no such application.)

The use of an Affidavit is authorized when used in conjunction with a Motion to Dismiss based upon lack of subject matter jurisdiction is allowable. Cooper Industries, Inc. v. U.S. E.P.A., 775 F.Supp. 1027 (W.D. Mich. 1991); Kontos v. U. S. Department of Labor, 826 F.2d. 573 (7th Circ. 1987).

Ultimately, based upon the allegations in Plaintiff's Complaint - as well as Defendants's Affidavit - the Fair Debt Collection Practices Act is inapplicable to this case. Accordingly, this Court does not have subject matter jurisdiction and Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendant respectfully requests the Motion to Dismiss Pursuant to FRCP 12(b)(1) that is accompanying this Memorandum by granted.

BY: FLYNN, PALMER & TAGUE
Attorneys for Defendant

By: /s/ Robert E. Jacobson

Robert E. Jacobson
FLYNN, PALMER & TAGUE
402 West Church Street
P. O. Box 1517
Champaign, IL 61824-1517
Telephone: (217) 352-5181
Fax: (217) 352-7964