**E-FILED**
Monday, 23 May, 2005 03:41:56 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **KENNETH A. MCCREADY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No: 05-2032** |
| | ) | **JURY DEMANDED** |
| **LARRY STERN,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1)**

Defendant, LARRY STERN, by and through his attorneys, Flynn, Palmer & Tague, by the undersigned attorney, for his Memorandum of Law in Support of Motion to Dismiss Pursuant to FRCP 12(b)(1), states:

1. Next, even if Defendant were to be considered a debt collector and even if Plaintiff's purported assignment of rights from GMAX Motors, Inc. is assumed to be valid, Plaintiff does not have standing because he is attempting to bring this suit as a creditor corporation, not a consumer or a person.

2. The stated purpose of the FDCPA is to protect "consumers" from debt collection abuses. 15 U.S.C 1692(e).

3. The term "consumer" is defined as, "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3).

4. Section 1692k of the Act states that, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person…." 15

U.S.C. 1692k(a). This provision has been interpreted by some Courts to confer standing on some parties who would otherwise not be "consumers". (It should be noted that even these cases – which are discussed hereinbelow – still limit standing to allege violations of section 1692c of the Act to "consumers" and have only been willing to broaden standing for allegations of violations of other FDCPA sections.)

5. To Defendant's knowledge, all cases that allowed parties other than consumers to have standing have been parties who have otherwise "stepped into the shoes of" the consumer or debtor.

6. For example, in Whatley v. Universal Collection Bureau, Inc., the Court ruled that the parents of a debtor had standing to sue under the FDCPA regarding threatening phone calls by the Defendant collection agency that were directed at the parents – even though they were not debtors or "consumers" as defined by the Act. 525 F.Supp. 1204 (N.D.Georgia 1981).

7. In Wright v. Finance Service of Norwalk, Inc., the executrix of a debtor's estate was deemed to have standing because the "any person" language of section 1692k, "at a minimum, includes those persons, such aw Wright, who stand in the shoes of the debtor or have the same authority as the debtor to open and read the letters of the debtor. (22 F.3d 647 at 650 (6th Cir. 1994).

8. An executrix of a debtor's estate was also given standing – in reliance upon Whatley – to sue under the FDCPA. Riveria v. MAB Collections, Inc., 682 F.Supp. 174 (W.D.N.Y 1988).

9. Both Whatley and Riveria state that the "any person" language of section 1692k shows that it is "couched in the broadest possible language. Whatley, 525 F.Supp. at 1204;

Riveria, 682 F.Supp. at 175. However, this analysis is used in the context of allowing someone who is standing in the shoes of the debtor to have standing, not to allow one creditor to another creditor under the FDCPA.

10. Similarly, the Court again relied on the broad language of "any person" to find that one who had a vehicle repossessed from him had standing to sue a bank and a repossession agency, even though he did not own the car and was not a party to the loan agreement with the bank. Montgomery v. Huntington Bank, 346 F.3d 693(6th Cir. 2003).

11. Again, however, the standing given to one other that the "consumer" or "debtor" was not given to a creditor, nor to a corporation.

12. Even if the FDCPA potentially gives standing to "any person" pursuant to section 1692k, this certainly does not include a giving standing to a creditor corporation. To do so would be to allow one creditor to sue another creditor (or the debt collector of such creditor). This would not seem to be anywhere close to being within the scope or purpose of the FDCPA and would be far different than the cases cited above in which Courts have allowed standing who were not "consumers".

13. Plaintiff would have a more plausible argument for asserting standing if he were claiming to have been assigned the rights of Deloreia Burrows and/or Vayline Griffin, but he is not. Plaintiff is alleging to have been assigned the rights of a creditor corporation. Accordingly, Plaintiff does not have standing to bring this cause of action under the FDCPA.

14. Next, Plaintiff has failed to allege a cause of action upon which this Court has subject matter jurisdiction.

15. In order for the FDCPA to apply, Defendant must be a "debt collector" within the meaning of the statute. Defendant is not a debt collector.

16. Section 1692a or the Act sets forth the definition of "debt collector". 15 U.S.C. 1692a. This definition is clear that an enforcer of security interests is a "debt collector" only for purposes of section 1692f(6) of the Act. Jordan v. Kent Recovery Services, Inc. et al., 731 F.Supp.652 (Dist.Ct. Delaware 1990).

17. In Jordan, the Court goes to great length to explain why only section 1692f(6) is the only provision applicable to the enforcers of security interests. Jordan, 731 F.Supp. at 657.

18. It appears that the only cases dealing with applicability of the FDCPA to the enforcers of security interests including Jordan - are all dealing with automobile repossessors. Unfortunately, the FDCPA does not define "enforcers of security interests". Nevertheless, since Plaintiff's Complaint alleges that Defendant placed a Notice in a local newspaper that specifically gives as its purposes, "to enforce a lien existing under the laws of the State of Illinois", it is clear that this is what is being alleged. If, for the purposes of this Motion to Dismiss, one is to assume Plaintiff's allegations to be true, he is clearly alleging that Defendant was enforcing a security interest (in this case, in the form of a lien). As such, all provisions of the Act - except for 1692f(6) - would be completely inapplicable to Defendant based upon Plaintiff's own allegations.

19. Next, even Plaintiff's allegations pertaining to section 1692f(6) reveal that this section also does not apply. This section of the Act states as follows:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general applicable of the foregoing, the following conduct is a violation of this section: ... (6) taking or threatening to take any non-judicial action to effect dispossession or disablement

> of property if - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

15 U.S.C. 1692f(6).

20. Plaintiff alleges that Defendant's violation of this section was the act of applying for a new certificate of title. However, Defendant's Affidavit demonstrates that he did not apply for a new certificate of title. Defendant does not know whether Wallace Johnson, or any other person, filed any such application, but he knows that he did not. (Of course, as stated the Motion, it would be easy for Plaintiff to have inquired with the Illinois Secretary of State and determine that Defendant filed no such application.)

21. The use of an Affidavit is authorized when used in conjunction with a Motion to Dismiss based upon lack of subject matter jurisdiction is allowable. Cooper Industries, Inc. v. U.S. E.P.A., 775 F.Supp. 1027 (W.D. Mich. 1991); Kontos v. U. S. Department of Labor, 826 F.2d. 573 (7th Circ. 1987).

22. Finally, regarding Counts II through V, Plaintiff is correct in conceding that jurisdiction of these Counts is completely premised upon the Court having jurisdiction over Count I.

WHEREFORE, Defendant respectfully requests the Motion to Dismiss Pursuant to FRCP 12(b)(1) that is accompanying this Memorandum by granted.

BY: FLYNN, PALMER & TAGUE
Attorneys for Defendant

By: /s/ Robert E. Jacobson
Robert E. Jacobson

FLYNN, PALMER & TAGUE
402 West Church Street
P. O. Box 1517
Champaign, IL 61824-1517
Telephone: (217) 352-5181
Fax: (217) 352-7964