**E-FILED**
Wednesday, 08 June, 2005 11:19:31 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| KENNETH A. MCCREADY,<br>Plaintiff, | ) | Civil No. 05-2032 |
| | ) | Judge Michael McCuskey |
| vs. | ) | |
| LARRY STERN,<br>Defendant. | ) | |

FILED
JUN 08 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

PLAINTIFF'S OPPOSITION TO DEFENDANT STERN'S MOTION TO DISMISS

Plaintiff *was* a secured party to an installment loan agreement by virtue of assignment. Defendant Stern, in acting as an attorney/debt-collector, assisted auto mechanic Johnson (who is not a party to this suit) in collecting a putative debt and, in so doing, committed numerous violations of the Fair Debt Collection Practices Act (15 U.S.C. secs. 1692-1692o, "FDCPA") and Illinois law (common law and statutes). The putative debt stems from an ostensible auto repair agreement between Johnson and the owner of a Chevrolet Caprice ("the car"). Plaintiff sues, *not as a consumer*, but as a prior, perfected lienholder whose security interest was "wiped" from the car's certificate of title following a putative lien sale proceeding. The suit is not premised, in any Count, paragraph, allegation or inferentially on any consumer protection provision of FDCPA.

Plaintiff filed his First Amended Complaint in response to Defendant's motion to dismiss the initial complaint. Defendant now moves to dismiss Count I under Fed. R. Civ. P. 12(b)(1) and for Plaintiff's failure to state viable FDCPA claims (without specifically invoking Rule 12(b)(6); counsel says, specifically, "FRCP 12(b)(1)"). It appears that Defendant is also asking for summary judgment, without supporting documentation or reference even to Rule 56 or any authorities interpreting it. Plaintiff asks for a brief time to review Rule 56 if the Court intends to grant summary judgment on the basis of Defendant's affidavit and unsupported argument. At several places

throughout Defendant's motion and supporting memorandum of law, Defendant makes a claim as if it were law, but provides no citation to any precedent to support his assertion. Because he cites no authority for these propositions, this Court should deem these particular arguments (where Plaintiff points them out) abandoned or waived. *Boomer v. AT&T Corp.*, 309 F.3d 404, 424 n. 10 (7th Cir. 2002).

In determining whether a complaint alleges facts that constitute a claim upon which relief can be granted, the Court must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the complainant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The allegations in the complaint are to be liberally construed. *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983). Because the Plaintiff is proceeding *in pro per*, his pleading is to be liberally construed on top of the already liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pleadings of a *pro se* litigant held to less stringent standards than formal pleadings drafted by lawyers). The FDCPA is a remedial, strict liability statute, which is also to be liberally construed. *Ross v. Comm'l Fin. Svcs.*, 31 F. Supp.2d 1077, 1079 (N.D. IL 1999); *Baker v. G.C. Services*, 677 F.2d 775, 780 (9th Cir. 1982). Only <u>one violation need be proved</u> in order for a Plaintiff to recover. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). Plaintiff has amply alleged violations under each particular section of the Act he has invoked. The Court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hinshon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## <u>COUNT I</u>

While most reported decisions under FDCPA are cases brought by "consumers," under the consumer protection provisions of the Act, the protections of FDCPA extend to others than just consumers. Some of those provisions are asserted by Plaintiff in this

action not, to make clear, any consumer provisions. The number of unpublished decisions that acknowledge the FDCPA extends to non-consumers is impressive, though Plaintiff must refrain from citing to the unpublished decisions. However, Plaintiff will refer only to the published decisions and, of course, the plain language of the Act.

First, the validity of the underlying debt is immaterial. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Picht v. Hawks*, 77 F. Supp.2d 1041 (Minn. 1999). It makes no difference, for purposes of this motion whether there is any validity to the $1995.00 figure published by Defendant Stern, though Plaintiff has also alleged that number was *spurious*. The debt is, of course, the balance owed by Burrows or Griffin to auto mechanic Wallace Johnson. Vayline Griffin, the original obligor, represented the purchase was for personal, family or household purposes, so Plaintiff has alleged that the debt (the debt to Johnson) was also incurred for these purposes. See, 15 U.S.C. sec. 1692a(5). This allegation must be taken as true for purposes of this motion to dismiss.

## STERN IS A DEBT COLLECTOR

Plaintiff alleges Defendant Stern is a debt collector. "Debt collector" is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Sec. 1692a(6).

Plaintiff also consistently alleges the Defendant uses the mails in a business the principal purpose of which is collection of debt or that he otherwise regularly collects or attempts to collect debt owed or asserted to be owed to others. See, e.g., Complaint, par. 4. For purposes of this motion, the Plaintiff's allegations that Stern is a debt

collector are sufficient. In order to dismiss, the Court must reject both "prongs" of the 1692a(6) definition.

Recovery in a civil action under the FDCPA is permitted in 15 U.S.C. sec. 1692k. That section permits, in subsection (a):

> Except as otherwise provided by this section, <u>any debt collector</u> who fails to comply with <u>any provision</u> of this subchapter with respect to <u>any person</u> is liable to <u>such person</u> in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court . . . . [Emphasis added].

The Court's inquiry should end with the plain language of the statute. That is the first precept of statutory construction. *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 888 (7th Cir. 1996). When that plain language is unambiguous and application does not lead to an absurd result, the Court's obligation is to apply the statute as it is written. *United States v. Hayward*, 6 F.3d 1241, 1245 (7th Cir. 1993), *cert. denied*, 114 S. Ct. 1369 (1994). Many courts have applied the FDCPA to others than "consumers" without reaching absurd results (including the Sixth Circuit, *en banc*). The purpose of the Act is to prevent unfair, deceptive and abusive acts in the collection of debts. Providing a private right of action to "any person" who is harmed by such violations advances this purpose. The Act plainly, thus, applies to "any debt collector" who commits any violation of "any provision" which causes harm to "any person." 15 U.S.C. sec. 1692k.

Plaintiff is clearly "any person" within the plain and unambiguous meaning of the statute. This is not just a *pro se* Plaintiff making up the law as he goes along. Dozens of reported and many more unreported decisions have recognized the application of the FDCPA to non-consumers. Of course, the application of FDCPA to Defendant Stern's conduct does not rely on any assignment after the violations occurred. As Plaintiff explains, *infra,* the assignment of the installment loan agreement and security interest was complete before Stern's actions had their intended result.

The Plaintiff need not be a "consumer" in order to recover. Numerous sections of the FDCPA are applicable to those who are not consumers. Plaintiff has alleged several violations each of section 1692e (generally) and sections 1692e(2) (generally) and 1692e(2)(A) and (B) (specifically), sections 1692e(4), (5), and (10), 1692e(11), 1692e(14), 1692d(3), 1692f (generally) and, lastly, section 1692f(1) (specifically). Before the Court may dismiss, it must conclude that Plaintiff can prove no set of circumstances consistent with the pleading of Stern's violations of every one of these cited subsections, such that the Plaintiff may recovery (in a jury trial).

In *Wright v. Finance Svc. Of Norwalk, Inc.*, 996 F.2d 820 (6th Cir. 1993), affirmed, 22 F.3d 647 (1994), the Sixth Circuit, *en banc,* held that section 1692e is not limited to consumers: "Unlike other sections of the act where relief is limited to 'consumers,' under § 1692e a debt collection practice need not offend the alleged debtor before there is a violation . . . . " (*Id.*, at 649). Plaintiff invokes and alleges Stern's violations of several subsections of section 1692e in his Complaint (see, *supra*).

In *Dutton v. Wolbur*, 809 F. Supp. 1130, 1134 (DE 1992), the Court specifically recognized the applicability of 15 U.S.C. §§ 1692e(2)(A), e(5), e(10) and e(11) to a non-consumer dunned by a law firm/debt collector. The Dutton court also relied on the legislative history of the Act, citing H.R. 95-131 (although this Court need go no further

than the plain language of the Act), which recognizes that the Act's protections extend to those who are other than consumers. (H.R.Rep. No. 131, 95th Cong. 1st Sess. 8).

In *West v. Costen*, 558 F. Supp. 564 (WD VA 1983), the District Court held, at least with respect to an action under § 1692e(2)(A), that a parent who received a letter demanding that her son pay a debt he allegedly owed could recover even though she was not a "consumer" within the meaning of the Act. *Id.* at 584. The rationale behind the court's decision was that "section 1692e(2)(A) and (B) does not protect only consumers; rather, it is designed to discourage certain debt collection practices." *Id.*

The same result was reached in *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175 (WD NY 1988) and, although the particular Plaintiffs could not recover because they invoked a specific "consumer" section of FDCPA, the court did recognize the FDCPA's applicability to other victims than just "consumers" in *Conboy v. AT&T*, 84 F. Supp.2d 492, 504-05 n. 9 (SD NY 2000)(citing *Riveria*). The Court will find dozens of unpublished decisions that hold the same thing--actions by non-consumers are permitted under the plain language of the FDCPA. There are no decisions that suggest, as does Defendant, that because Plaintiff purchased the installment loan agreement and security interest, he should be denied standing. In fact, Defendant discloses another precedent extending FDCPA to one who was not a "consumer" and who also only had a tenuous relationship with the debt. See, *Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003), cited at Defendant's Memorandum, pg. 3. However, the Court should simply decline to acknowledge Defendant's recitation of cases concerning repossession agents ("repo" men), which Stern indisputably is not (Memo., pg. 4) and 15 U.S.C. sec. 1692f, which is not involved in this case. Stern is not an "enforcer" of any "security interest." Nor is the matter about a misguided repossession of collateral.

Thus remains the question whether Plaintiff has adequately stated a cause of action under the FDCPA. This, in part, implicates Count II for Stern's unauthorized

practice of law. Violations of state law are usually held to constitute violations of FDCPA. See, e.g., *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)(violations of state law constitute violation of FDCPA); *Poirier v. Alco Collections, Inc.*, 107 F.3d 347 (5th Cir. 1997); see, also, *Marchant v. U.S. Collections, Inc.*, 12 F.Supp. 2d 1001 (D. Ariz. 1998). Of course, the unauthorized practice of law is strictly prohibited in Illinois. See, e.g., *Chicago Bar Ass'n v. Quinlan and Tyson, Inc.*, 34 Ill.2d 116, 214 N.E.2d 771 (1966); *Remole Soil Service v. Benson*, 68 Ill. App.2d (1966) and also constitutes a violation of FDCPA. See, e.g., *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468 (NM 1990); *Withers v. Eveland*, 988 F. Supp. 942, 946 (E.D. VA 1997). Other courts have held that acts by debt collectors unlicensed under the laws of the particular states in which they operated were also violations of FDCPA. See, e.g., *U.S. v. Nat'l Fin. Svcs., Inc.*, 820 F. Supp. 228, 235-36 (MD 1993), aff'd, 98 F.3d 131 (4th Cir. 1996); *Sibley v. Firstcollect*, Inc., 913 F. Supp. 469 (M.D. LA 1995); *Russey v. Rankin*, 911 F. Supp. 1449 (NM 1995). Of course, publishing a sale of an item of collateral (to foreclose a phony lien) at a phony address (see, Compl., ¶¶ 26-27) indisputably violates sections 1692e and 1692f. Unfortunately, this Court has nothing to dismiss on but the strength of Defendant's assertions, unsupported by reference to any particular precedent which dismissed similar allegations.

If Plaintiff is unable to sustain these allegations, that is one thing but, because Defendant has made no showing of any shortcomings under Plaintiff's Complaint, the Complaint should survive the motion to dismiss.

Stern's use of the mails includes his publication of lien foreclosure notices in newspapers that are circulated both through the U.S. mails and via the worldwide web (internet), mailing of demand letters to consumers (Compl., par. 33), mailing of payment for invoices for newspaper advertisements, mailing (which he vehemently denies) of applications for title to the Illinois Secretary of State or, if his denial turns out to be true, then his preparation of documents (including government forms that are

submitted only via mail and pre-addressed envelopes) that he both expects and knows will be sent through the mails. (Compl., pars. 4, 5, 9-12, 30, 49). Of course, Defendant Stern also obtains vehicle title histories from the Secretary of State, in advance of publication of any sale, in order to determine the identities of owners and lienholders (this is how Stern knew to publish the name "Burrows" and "GMAX" in the ad (Compl., par. 18), even though Burrows name had only been placed in the title as an accommodation). The Secretary of State mails these title histories from Springfield to Stern in Skokie, IL. It should appear clear that Defendant Stern is engaged in a business that uses the mail (and the internet) in interstate commerce in a business the principal purpose of which is collection of debt or that he regularly collects or attempts to collect such debt (see, particularly, Compl., par. 4). This is not, of course, proof of anything, and that is not Plaintiff's obligation on this motion. It is simply non-exclusive recitation of a number of reasonable *inferences* the Court may make from Plaintiff's pleading, any one of which inferences is sufficient to deny the dismissal and, essentially, summary judgment Defendant now seeks. Of course, the Defendant's motion relies extensively on the hopes that the Court will draw all inferences contrary to the Plaintiff's interests.

Plaintiff has alleged numerous Stern violations of FDCPA, *which include but are by no means limited to* his unauthorized practice of law in violation of Illinois common law and the Attorney Act and his unregistered acts as a collection agency, also in violation of the Collection Agency Act. *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)(violations of state law also constitute violation of FDCPA); *Poirier v. Alco Collections, Inc.*, 107 F.3d 347 (5th Cir. 1997); see, also, *Marchant v. U.S. Collections, Inc.*, 12 F.Supp. 2d 1001 (D. Ariz. 1998). Defendant Stern's violations include publishing a sale of Plaintiff's collateral, when the lienor himself, Johnson, told Plaintiff there was no lien (and no debt) then owed (Compl., ¶¶ 21-22), publishing a false address for such putative sale (Compl., ¶¶ 26-27) and, of course, Defendant Stern either obtained new title for Johnson or participated to such a degree in the acts preparatory to obtaining new title, including preparing all the forms and pre-addressed envelope to be mailed to the SOS which

resulted in Plaintiff's interest being wiped from the vehicle's title *despite the fact that no sale actually even took place*! Thus, the complaint states viable claims unless it is apparent beyond doubt that the Plaintiff cannot prove any set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Stern's attempt to confuse the plain language of the pleading, and FDCPA, with extraneous argument that Plaintiff's assignment isn't valid, is barred by the principle of *jus tertii*. Defendant may not set up rights properly belonging, if at all, to GMAX Motors, Inc., or Plaintiff. Plaintiff and GMAX had a valid, enforceable agreement to assign the chose in action, which agreement was actually executed. Defendant has nothing to say about it. Defendant has no standing to assert the rights of third parties. See, e.g., *Retired Chicago Police Ass'n. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). Defendant also hinges dismissal on perceived defects in the assignment (Deft's Mo., pg. 6) but this fails too. The written manifestation of their assignment may have been dated after the purported lien sale, but this simply ignores that there are still ethical men who are capable of making a "handshake" deal that is later reduced to writing. The assignment was executed, in advance of the purported lien sale, as Plaintiff has alleged (see, e.g., Compl., par. 19). The assignment is quite broad, and all-inclusive. GMAX Motors withheld no rights *viz.* this contract whatsoever. Everything was assigned to Plaintiff. That the written statement of accounts was not prepared until a later date cannot be determinative. If it is, this will only lead to "back-dating" of such documents, as often occurs, in fact, in these mechanic lien sales. Mechanics Stern represents don't always sell their liened vehicles on the advertised dates of their sales; and when they later sell them, they often back-date their affidavits and affirmations to the purported sale date. These facts are to be accepted as true for purposes of this motion to dismiss. The principal fact in contention appears to be the date of the assignment, but Plaintiff's allegation of the day of assignment (actually January 19, 2004) "in advance of" the putative lien sale, controls. There is no contradiction or conflict between Plaintiff's allegation and the written manifestation of Plaintiff's agreement with GMAX Motors.

However, if there is conflict, this only proves that there are genuine issues of material fact that Mr. Stern may inquire into in the trial of this matter, not that the matter should be summarily adjudged in his favor. Defendant's argument goes far beyond the scope of a Rule 12(b)(1) or 12(b)(6) motion to dismiss. What Defendant actually asks for is summary judgment on this issue but Defendant has cited no precedent to assist the Court in the determination. To be taken as true is the fact that the installment loan agreement was initiated between GMAX Motors and Vayline Griffin, and that the putative debtor, Burrows', name was only placed on the vehicle title for accommodation (see, e.g., Compl., pars. 16, 37). Because Defendant cites no authority for the assertion that there is some fatal flaw in all of this, the argument should properly be deemed waived, abandoned or forfeited. It matters not to Plaintiff's non-consumer claims who owed or was alleged to have owed the putative debt (the mechanic's putative $1995 debt or any portion thereof). What is relevant is that Defendant Stern was attempting to collect that putative debt and, in so doing, trampled on the rights of Plaintiff. If there is any perceived conflict, the same may be explained by the truth, in discovery and at trial, that in preparation of the assignment, there was a scrivener's error that was corrected before the contract was executed. In fact, if one looks at the assignment (to which Defendant refers, without attaching it to his motion and which Plaintiff has no real objection to the Court considering same), it is clear that the party who made those changes initialed the changes (in advance of execution). There is nothing nefarious or "mysterious," as Defendant calls it, about writing in changes to a contract, and initialing those changes. If anyone had any objection to those changes, it would be Plaintiff, and Plaintiff has no objection that the president of GMAX Motors, Inc., made a few changes before he signed the agreement. Again, finally, these are arguments that Defendant has no standing to raise, and the Court should disregard them entirely. If the Court draws any inference from Defendant's uncorroborated assertions, those inferences may only be as Plaintiff explains herein and not the worst possible inferences, as Defendant suggests.

Defendant suggests that anything Plaintiff did before August 16, 2004 is completely "irrelevant" to the case (motion, pg. 7). This is absurd. If Plaintiff hadn't talked to mechanic Wallace Johnson on January 19, 2004, Plaintiff wouldn't have known that there had been no work at all done to the car, no debt owed, ever, and, consequently, no lien which could lawfully have been foreclosed. If Plaintiff's allegations before August, 2004 are irrelevant, then there is no reason for pleading. Likewise, Defendant's confusion as to the applicability of section 1692f(6) is apparent. Plaintiff does not invoke it in the Complaint (despite Defendant's assertion that he did; Motion, pg. 11). Because the Defendant's affidavit is offered in opposition to a claim Plaintiff didn't attempt to state, the affidavit should also either be stricken or simply disregarded. Nor, of course, is Defendant Stern engaged in the business of "enforcing security interests." Because Defendant doesn't offer a definition for security interest (and says this is so because FDCPA also does not) this Court may take judicial notice that a security interest is not a lien, and therefore section 1692f(6) is inapplicable, not just because Plaintiff did not plead it.

## ACTUAL DAMAGES

Defendant says that Plaintiff has not alleged "that Defendant's actions caused any actual damage to GMAX" and that because of this, Plaintiff's claims must be dismissed (Motion, pg. 8). This relies on Defendant's erroneous earlier conclusion as to the timing of the assignment. First, of course, the rights asserted herein are Plaintiff's, and were Plaintiff's when Stern and Johnson took their illegal action. Plaintiff need not allege any damage to GMAX because, as of the time of the putative mechanic's lien sale, Plaintiff was already the owner of the installment loan agreement and security interest. At any rate, Defendant hasn't shown the absence of damages, which is what is required before this Court might dismiss. And, even if Defendant could dismiss Plaintiff's claim to actual damages, he has done nothing to defeat Plaintiff's claim to statutory damages and costs of this suit. Before Stern's unlawful acts, Plaintiff owned a security interest,

which was manifested by notation on the vehicle's certificate of title. Plaintiff had, and still has, that certificate of title. After Stern's unlawful acts, Plaintiff's security interest was no longer represented by notation on the then-current certificate of title, which supercedes the one in Plaintiff's hands. In Plaintiff's words, Stern's acts resulted in his security interest being "wiped" from that title, unlawfully. Now, after Stern's acts, Plaintiff has no demonstrable interest in that vehicle that he can act on, the typical means of which is repossession under Article 9 of the Uniform Commercial Code. Someone else holds title to the car. The vehicle secured an installment loan which was, at the time of assignment, was about $1500.00. Of course, though it need not be said, the original obligor has disappeared. That is why the mercantile world has adopted use of the security interest. A lender can act against collateral, via contract, rather than hope to find a missing debtor and file a suit. Plaintiff can no longer do this. By Stern's unlawful acts, in conjunction with Wallace Johnson, Plaintiff has suffered actual damages.

Of course, one need no prove actual damages in order to recover statutory damages under FDCPA. *Baker v. G.C. Services*, 677 F.2d 775, 780 (9th Cir. 1982); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175 (WD NY 1988). So, it is clear that not only has Plaintiff adequately pleaded his actual damages, Plaintiff has asked for an award of statutory damages and costs of suit as well. Even if Plaintiff had completely forgot to ask for actual or statutory damages (both of which, of course, he has alleged and may prove), this would not be adequate reasoning to dismiss. Plaintiff is entitled to an award of reasonable costs and attorneys' fees he incurs regardless whether he is able to prove actual or statutory damages. See, e.g., *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989). Defendant has failed to meet his burden on this motion to dismiss.

It should appear clear, on this motion to dismiss, that Plaintiff has alleged numerous violations of numerous sections of the Fair Debt Collection Practices Act that

are not applicable to consumers. If one of these claims may be proven, consistent with Plaintiff's allegations, the motion to dismiss should be denied. Because Defendant has not provided any authorities for the Court to dismiss, Plaintiff's Count I should survive. Because the violations of state law alleged in the remaining Counts II through V also constitute violations of the FDCPA, the Court should opt to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. sec. 1367.

## DEFENDANT'S MOTION TO DISMISS COUNT IV FOR FAILURE TO STATE A CLAIM

Plaintiff's Count IV is premised in the Illinois Collection Agency Act. In addition to asking the Court to dismiss for lack of jurisdiction, Defendant says Plaintiff failed to state a claim on which relief might be granted. However, Defendant sets up a defense that is more appropriately an affirmative defense that relies on proof of facts not yet of the record. Defendant's unsupported assertion appears to be that he is or was "under contract" with a "creditor" to "notify the creditor's debtors of a debt using only the creditor's name," citing 225 ILCS 425/2.03(11). The Court cannot simply take his word that these things are so. If he was under contract with Wallace Johnson, Defendant should have attempted to prove this fact. Defendant posits that the defect is in Plaintiff's pleading but there is no federal rule of pleading that requires a Plaintiff to plead the contrary to every possible statutory limitation, exception or exclusion. If Defendant wishes to set this up as a potential affirmative defense, the proper place to do so is in an Answer. If the content of that contract were that he would only "notify" Johnson's (if, that is, Johnson was a legitimate creditor) debtors, using only Johnson's name, the Defendant hasn't proven any of these facts. As the defense now stands, it does not defeat Plaintiff's well-pled Complaint. The future repeal date of the Collection Agency Act also does not impact the present action, based as it is on past actions of a debt collector or collection agent acting in violation of law. This motion to dismiss should also be denied.

WHEREFORE, Plaintiff prays that this Court enter its order denying Defendant's motion to dismiss and for summary judgment and order Defendant to answer the Complaint within a reasonable time.

Plaintiff has experienced a great deal of prejudice in several courts of late, because of the contemporary wont of courts to deny parties oral argument. Other courts have made patent or manifest errors of law, which could have been prevented if only the parties had been permitted oral argument. Plaintiff asks for such oral argument in this motion if the Court is not inclined to deny the motion outright. In support of this request, Plaintiff reminds the Court that both sides have been constrained in both page-length of briefs, and in the time permitted to research, draft and prepare the pleadings, motions and briefs. This rush to justice only clouds and confuses the issues. The Seventh Circuit is busy enough. Oral argument will inarguably assist the Court in its judgment.

Respectfully submitted:

Dated: June 7, 2005

By: ______________________

Kenneth A. McCready
Plaintiff, *in pro per*
P.O. Box 10
Loda, IL 60948
(217) 390-7523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| KENNETH A. MCCREADY, Plaintiff, | } | Civil No. 05-2032 |
| | } | Judge Michael McCuskey |
| vs. | } | |
| LARRY STERN, Defendant. | } | |

**NOTICE OF FILING**

**To: USDC CD IL, Urbana Div, Clerk,** 218 U.S. Courthouse 201 S. Vine Street Urbana IL 61802 Telephone: 217-373-5830; **Robert E. Jacobson, Flynn, Palmer & Tague** 402 W. Church St. Champaign, IL 61824, counsel for Larry Stern, Defendant, 4307 Suffield Court Skokie, IL 60076 (847) 679-9139

Please take notice that on June 7, 2005, I mailed to be filed with the Clerk of this Court, one copy of Plaintiff's OPPOSITION TO DEFENDANT STERN'S MOTION TO DISMISS, and one copy of this document.

Name: Kenneth A. McCready, Plaintiff, *in pro per*
Address: P.O. Box 10 Loda, IL 60948
Telephone: (217) 390-7523

**PROOF OF SERVICE BY MAIL**

I, Kenneth A. McCready, not an attorney, state that on June 7, 2005, I served a copy of this notice and each document specified above on each person to whom it is directed above by placing it in an envelope addressed to him or her on which first-class postage is duly prepaid and depositing the envelope in the U.S. mail in Loda, Illinois.

[ X] "Under penalties as provided by law I certify that the statements set forth in this instrument are true and correct."

Dated: June 7, 2005

By: [signature]
Kenneth A. McCready