**E-FILED**
Wednesday, 20 July, 2005 01:57:11 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **KENNETH A. MCCREADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 05-2032** |
| | ) | |
| **LARRY STERN,** | ) | |
| **Defendant.** | ) | |

---

## REPORT AND RECOMMENDATION

In May 2005, Plaintiff, Kenneth McCready, acting *pro se*, filed a First Amended Complaint and Demand for Jury Trial (#16) against Defendant, Larry Stern. The complaint includes five counts: (1) violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692) (hereinafter "FDCPA"); (2) unauthorized practice of law under Illinois common law; (3) unauthorized practice of law under the Illinois Attorney Act (705 ILCS 205/1); (4) unauthorized practice of collection agency under the Illinois Collection Agency Act (225 ILCS 425/14a); and (5) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2). Plaintiff alleges that the Court's jurisdiction is based on federal question (28 U.S.C. § 1331) because his first count alleges violations of the FDCPA. Jurisdiction over the remaining state law claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

In May 2005, Defendant filed a Motion To Dismiss First Amended Complaint Pursuant to FRCP 12(b)(1) (**#17**). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss (**#17**) be **GRANTED**.

### I. Background

The following background is based on the complaint. On or about January 15, 2004, Plaintiff observed in the *Pioneer Press* newspaper (online addition) an advertisement for a sale of a 1991 Chevrolet Caprice (VIN #1G1BL53E3MW117135) to be held February 20, 2004, to

enforce a lien against Deloreia Burrows and GMAX Motors for $1,995.00. (#16, ¶¶ 17, 18.) Plaintiff claims that he purchased the loan and security interest from GMAX Motors on the vehicle before the advertised sale date. (#16, ¶ 19.) In January 2004, Plaintiff spoke via telephone with Wallace Johnson, the mechanic who allegedly held the lien on the vehicle. (#16, ¶ 21.) Johnson told Plaintiff that he had no knowledge of the amount asserted in the advertisement. (#16, ¶ 22.) Furthermore, he told Plaintiff that he had done no work on the vehicle, and he had no intention of holding the sale indicated in the advertisement. (#16, ¶¶ 21-24.) Johnson said that he would contact Defendant and further inquire about the vehicle. (#16, ¶ 24.)

Plaintiff then wrote Johnson a letter, asking specifics about the vehicle, to which Johnson did not respond. (#16, ¶ 25.) In the letter, Plaintiff asked Johnson where the sale would be held because the online advertisement listed an address different than the address of Johnson's mechanic shop. (#16, ¶¶ 26-27.)

Plaintiff alleges that Defendant prepared an application for a new certificate of title of the vehicle in the name of "Johnson's Auto" and filed it with the Illinois Secretary of State. In the alternative, Plaintiff alleges that Defendant prepared and typed the application and delivered it to the mechanic, Wallace Johnson. Under either alternative, Plaintiff further alleges that this application was fraudulent because no sale was held, and the underlying debt upon which the lien was based was fraudulent. (#16, ¶¶ 29-30, 39.) Additionally, Plaintiff claims that this application was either supported by Defendant's affirmation or supported by Johnson's affirmation that was prepared by Defendant. (#16, ¶ 29.)

Plaintiff subsequently filed this suit in federal court, seeking $2,600 in damages, costs, and attorneys' fees. (#16, ¶ 43.) Defendant filed a Motion To Dismiss First Amended Complaint Pursuant to FRCP 12(b)(1) (#17) and attached an Affidavit (#17, Attachment 1), stating that Defendant did not file an application for a certificate of title for the vehicle in question.

## II. Standard of Review for a Challenge to Subject Matter Jurisdiction

Under Rule 12(b)(1), a defendant may challenge jurisdiction in two ways – facially or factually. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 n.2 (7th Cir. 2002); *Freiburger v. Emery Air Charter Inc.*, 795 F. Supp. 253 (N.D. Ill. 1992). A facial challenge occurs when the defendant asserts that the "allegations of jurisdiction in the pleadings are facially insufficient to demonstrate the existence of jurisdiction." *Freiburger*, 795 F. Supp. at 256. Under this type of challenge, the court will "accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

In addition, the defendant may also dispute the existence of subject matter jurisdiction as a factual matter, challenging "the truth of the jurisdictional facts plaintiff alleged in the pleadings." *Freiburger*, 795 F. Supp. at 257. When addressing a factual challenge to jurisdiction, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). At this point, the "presumption of correctness that [the Court may] accord to a complaint's allegations falls away," and the plaintiff has the burden to come forward with "competent proof" that jurisdiction exists. *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

## III. Analysis

Count I alleges violations of the FDCPA, and that claim constitutes the sole basis for federal jurisdiction. Defendant argues that the Court should dismiss the case for failure to properly state a claim under the FDCPA and lack of subject matter jurisdiction. Specifically, Defendant argues that (1) he is not a "debt collector" based on the FDCPA definition, and therefore, Plaintiff has failed to state a claim; and (2) Plaintiff lacks standing to bring a claim under the FDCPA. To the extent these arguments raise factual questions, the Court may consider

evidence submitted to determine whether subject matter jurisdiction exists. *Capitol Leasing*, 999 F.2d at 191.

### A. Failure To State a Claim

#### 1. Whether Defendant Is a Debt Collector

Whether Plaintiff can state an FDCPA claim against Defendant depends on whether Defendant is a "debt collector" as defined by the FDCPA. *Pettit v. Retrival Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). The FDCPA defines a "debt collector" as follows:

> The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Defendant argues that he is not a debt collector for purposes of the FDCPA. Specifically, he contends that he was helping Wallace Johnson enforce a statutory lien that gave Johnson a possessory interest in a vehicle and the enforcement of a mechanic's lien is the same as enforcing a security interest. Furthermore, under the FDCPA, a person who is enforcing a security interest is a debt collector only for purposes of Section 1692f(6) of the FDCPA.

Plaintiff disagrees that Defendant is engaged in the business of enforcing a security interest, but does not explain his reasoning other than to refer to the FDCPA's definition of debt collector. He asserts that, based on the plain language of the definition, Defendant is a debt collector because he "uses the mails in a business the principal purpose of which is collection of a debt." (#21, p. 3.) Furthermore, he states that his allegation that Defendant is a debt collector is sufficient to avoid dismissal for failure to state a claim under the FDCPA.

In Paragraph 5 of the complaint, Plaintiff alleges as follows:

> Stern's core business consists of rendering legal advice to and advertising, advising in, and procuring new certificates of title for mechanic lienors in their lien sales. A part of this business . . . includes making written demands (by mail) of alleged debtors that they pay putative debt or face the prospect of losing their vehicle at lien sale.

(#16, ¶ 5.) In addition, Plaintiff alleged that the newspaper advertisement that stated that the purpose of the sale was "to sell the [vehicle] to enforce a lien existing under the laws of the State of Illinois." (#16, ¶ 18.)

According to the Uniform Commercial Code and Black's Law Dictionary, a mechanic's lien is a type of "security interest." *See* U.C.C. § 9-102(2) (2005); BLACK'S LAW DICTIONARY 1357 (6th ed. 1990) ("The term 'security interest' means any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time, (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth."); *Nat'l Bank of Joliet v. Bergeron Cadillac, Inc.*, 361 N.E.2d 1116, 1117 (Ill. 1977) (holding that a common law mechanic's lien takes priority over "other" earlier perfected security interests under Section 9-310 of the Uniform Commercial Code). Thus, the Court concludes that, based on Plaintiff's allegations, Defendant was helping Johnson enforce a security interest.

The FDCPA clearly states that an individual who is enforcing a security interest constitutes a "debt collector" only for claims that arise under 15 U.S.C. § 1692f(6). 15 U.S.C. § 1692a(6); *see also Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 657 (D. Del. 1990) ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6).") In *Jordan*, the court expressly stated that "the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA." *Id.* at 657. Therefore, Defendant, as one who is enforcing a security interest, is a debt collector only for purposes of a claim arising under

15 U.S.C. § 1692f(6). As to any other alleged FDCPA claims, Plaintiff has failed to state a claim because he did not allege that Defendant engaged in behavior that falls under the definition of "debt collector" applicable to other sections of the FDCPA.

**2. Whether Plaintiff Has Stated a Claim Under 15 U.S.C. 1692f(6)**

In his amended complaint, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c, d, e, and f. As noted above, one who is enforcing a security interest is a debt collector under the FDCPA only for purposes of 15 U.S.C. § 1692f(6). 15 U.S.C. § 1692a(6); *Jordan*, 731 F.Supp. at 657. Therefore, Section 1692f(6) is the only section under which Defendant may be sued.

However, in his response, Plaintiff emphatically denies that he is trying to assert a claim under Section 1692f(6). On page 11 of his memorandum, he stated: "Likewise, Defendant's confusion as to the applicability of section 1692f(6) is apparent. Plaintiff does not invoke it in the Complaint (despite Defendant's assertion that he <u>did</u> . . .)." (#21, Plaintiff's Opposition to Defendant Stern's Motion To Dismiss, p. 11.) Accordingly, Plaintiff has failed to state a claim against Stern in Count I.

**B. Plaintiff's Standing**

Although Plaintiff has failed to state a claim against Defendant Stern in Count I, the Court will nevertheless consider Defendant's argument that Plaintiff lacks standing to bring the suit under the FDCPA. The issue of standing is jurisdictional. *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996); *see also Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000). Standing is a threshold requirement imposed by Article III of the Constitution which limits federal subject matter jurisdiction to claims that present an actual case or controversy in whose outcome a plaintiff has a "personal stake." *Perry*, 222 F.3d at 313.

Plaintiff concedes that he is not a "consumer" as defined by the FDCPA but contends that "any person" (15 U.S.C. § 1692k) may litigate under any section of the FDCPA other than 15 U.S.C. § 1692c, which is restricted to consumers. Section 1692k(a), the general enforcement provision of the FDCPA, states as follows: "Except as otherwise provided by this section, any

debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person . . ." 15 U.S.C. § 1692k(a) (emphasis added). That language has been broadly construed to facilitate the goal of the FDCPA. According to the Seventh Circuit, "the FDCPA is designed to protect against abusive debt collection practices which would likely disrupt a debtor's life." *Pettit,* 211 F.3d at 1059. Based on the broad language of 15 U.S.C. § 1692k, courts have held that a person other than a consumer may sue for violations of the FDPCA. *See Wright v. Fin. Serv. of Norwalk,* 22 F.3d 647, 649-50 (6th Cir. 1994); *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174 (W.D.N.Y. 1988); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1205-6 (N.D. Ga. 1981).

Plaintiff relies on several of these cases. *See Wright*, 22 F.3d at 649-50 (allowing the administratrix of a deceased debtor to bring suit for violations against the debtor); *Dutton v. Wolhar*, 809 F. Supp. 1130, 1134 (D. Del. 1992) (allowing plaintiffs to file suit where the debt collector sought to collect from them for their deceased parents' debts); *West v. Costen*, 558 F. Supp. 564, 584 (W.D. Va. 1983) (holding that a debtor's parent from whom a debt collector sought to collect could sue under the FDCPA); *Riveria*, 682 F. Supp. at 175 (allowing the administratrix of a deceased debtor to file a claim under the FDCPA); *Conboy v. AT&T*, 84 F. Supp. 2d 492, 504-5 n.9 (S.D.N.Y. 2000) (broadly interpreting "any person" to include parents-in-law of a debtor from whom the debt collector sought payment).

In response, Defendant points out that these cases all involve situations where the plaintiff was effectively "standing in the shoes" of a consumer. For example, in *Wright* and *Riveria*, the courts held that an executrix of an estate was "standing in the shoes" of the deceased debtor and therefore could bring a claim under the FDCPA. *Wright,* 22 F.3d at 650; *Riveria,* 682 F. Supp. at 175. The *Wright* court specifically held that the "any person" language in the FDCPA "at a minimum, includes those persons . . . who 'stand in the shoes' of the debtor or have the same authority as the debtor to open and read the letters of the debtor." *Wright,* 22 F.3d at 650. In *Dutton*, the court held that a daughter had standing to sue after she received collection letters on the debt of her deceased father. *Dutton*, 809 F. Supp. at 1134. In *West*, the court held that a parent who received a letter demanding that her son pay a debt could sue under the

FDCPA even though she was not a consumer within the meaning of the FDCPA. *West*, 558 F. Supp. at 584. In *Conboy*, the court cited language from *Riveria* to support the notion that claims under the FDCPA are not limited to consumers under sections other than 15 U.S.C. § 1692e(11). *Conboy*, 84 F. Supp. 2d at 504-5 n.9.

Plaintiff admits that he is not a consumer, and the allegations show that he is not acting on behalf of a consumer or effectively standing in the shoes of a consumer, unlike the cases listed above. In fact, the Seventh Circuit has held that a person in Plaintiff's position may be considered a debt collector. *See Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998).

The only argument remaining to Plaintiff is based on the theory that he is acting as a private attorney general. The FDCPA was created with "private attorney general" enforcement provisions and statutory damage provisions which gives persons protected under the FDCPA standing to sue for damages. *See Villareal v. Snow*, No. 95 C 2484, 1996 WL 28254, *2-3 (N.D. Ill. Jan. 19, 1996). The FDCPA protects persons "obligated or allegedly obligated to pay any debt," as consumers under the Act from, from unlawful collection demands. 15 U.S.C. § 1692a(3). Consistent with the plain language of 15 U.S.C. § 1692a(3), the Seventh Circuit has stated that "the [FDCPA] mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by *debtors* acting as private attorneys general." *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995) (citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991)) (emphasis added). Therefore, only a debtor may act as a "private attorney general."

The Seventh Circuit has also stated that the FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). Here, Plaintiff purchased the loan from GMAX, a creditor. Thus, Plaintiff is not a debtor; instead, he is either a creditor or debt collector, depending on the status of the loan when he purchased it.

Because the Seventh Circuit has indicated that only debtors can sue as private attorneys general, Plaintiff cannot be acting as a private attorney general.

Here, Plaintiff lacks standing to assert a claim under 15 U.S.C. § 1692 because he does not fall under the Act's definition of "consumer," does not "stand in the shoes of a consumer," and is not a debtor for the purposes of acting as a private attorney general. Accordingly, the Court concludes it lacks jurisdiction to hear the FDCPA claim in Count I and recommends dismissing Count I. In addition, the Court recommends declining to exercise supplemental jurisdiction over the remaining state law claims.

## IV. Summary

For the reasons set forth above, this Court recommends **GRANTING** Defendant's Motion To Dismiss **(#17)**. The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after service of a copy of this recommendation. *See* U.S.C. 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of July, 2005.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE