E-FILED
Thursday, 29 December, 2005 11:04:30 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **KENNETH A. McCREADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-2032** |
| | ) | |
| **LARRY STERN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Defendant, LARRY STERN, by and through his attorneys, Flynn, Palmer & Tague, by the undersigned attorney, for his Response to Plaintiff's Motion for Leave to Amend, states as follows:

1. On or about May 23, 2005, Defendant filed a Motion to Dismiss First Amended Complaint Pursuant to FRCP 12(b)(1). On the same date, Defendant also filed a Memorandum of Law in support of said Motion.

2. On or about June 8, 2005, Plaintiff filed a document entitled, "Plaintiff's Opposition to Defendant Stern's Motion to Dismiss".

3. On or about July 20, 2005, the Honorable Magistrate Judge David G. Bernthal filed a Report and Recommendation, with Plaintiff filing his written Objections to said Report and Recommendation on or about August 2, 2005. Said Report and Recommendation was subsequently withdrawn.

4. On or about October 25, 2005, the Honorable Magistrate Judge David G. Bernthal filed another Report and Recommendation, with Plaintiff filing his written Objections to said Report and Recommendation on or about November 10, 2005.

5. On November 15, 2005, this Court entered an Opinion agreeing and accepting the Report and Recommendation, Ordered that Defendant's Motion to Dismiss is granted, declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and Ordered that the case be terminated.

6. Also on November 15, 2005, the Clerk of the this Court caused to be filed a document entitled, "Judgment in a Civil Case", said document indicating that a decision has been rendered in the case and further stating that it is Ordered and Adjudged that this case is dismissed. Said Judgment had an accompanying docket entry that states, "Judgment entered. This case is dismissed".

7. On or about December 15, 2005, Plaintiff filed a Motion for Leave to Amend, said Motion purporting to be brought pursuant to FRCP 15.

8. Defendant presumes that Plaintiff is seeking leave to amend based upon the language in FRCP 15(a) that states:

> "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Fed. R.Civ.Proc. 15(a).

9. A Motion for Leave to Amend pursuant to FRCP 15(a) cannot be brought after Judgment has been entered and the case has been dismissed. Vicom, Inc. v. Harbridge Merchant Services, Inc.(20 F.3d 771, 7th Circ. 1994).

10. In the instant case, Plaintiff is seeking to amend the previously filed First Amended Complaint. However, since the Judgment was already entered and the case was dismissed (and not merely the Complaint being dismissed, but the case itself), a Rule 15 Motion

cannot be properly brought before the Court because there is, "nothing left to amend". Johnson v. The Levy Organization Development Company, Inc., 789 f.2d 601, 612 (7th Circ. 1986).

11. Once the Judgment was entered and the case was dismissed, Plaintiff had two options available to him: "(1) he may appeal the judgment or (2) he may seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60. Swam v. United States, 327 F.2d 431 (7th Circ. 1964).

12. There is a line of Seventh Circuit cases clearly holding that a Rule 15 Motion cannot be brought after a Judgment is entered and a case is dismissed.

13. In Vicom, Inc. v. Harbridge Merchant Services, Inc., the Court denied Plaintiff's Motion for Leave to Amend in almost identical circumstances to this case. (20 F.3d 771, 7th Circ. 1994). In Vicom, Plaintiff filed its Motion for Leave to File Second Amended Complaint after the Court had entered a judgment against Plaintiff based upon the dismissal of its First Amended Complaint. (It is also interesting to note that – just as in the instant case – as a result of the counts based upon federal law being dismissed, the supplemental state law claims were also dismissed due to the resulting lack of supplemental jurisdiction.)

14. The Court in Vicom made reference to the established caselaw in the Seventh Circuit stating that once a judgment is entered upon a dismissal, "the plaintiff may amend the complaint under Rule 15(a) Fed.R.Civ.Proc. solely with 'leave of court' after a motion under Rule 59(e) or 60(b), Fed.R.Civ.Proc., has been made and the judgment has been set aside or vacated" Vicom, 20 F.3d at 784 (citing Car Carriers, Inc. V. Ford Motor Co., 745 F.2d 1101, 1111 (7th Circ. 1984).), and that until a plaintiff "files a motion to vacate the judgment against him and has that judgment lifted, the court does not have to consider the merits of whether to

allow him to amend his complaint. Vicom, 20 F.3d at 784 (citing Johnson v. Levy Org. Dev. Co., 789 f.2d 601, 608 n.8 (7th Circ. 1986).

15. In Car Carriers, Inc. V. Ford Motor Co., the Court granted Defendant's Motion to Dismiss pursuant to FRCP 12(b)(6) and dismissed one count of the Complaint with prejudice (and the remaining counts without prejudice because the Court did not have jurisdiction over the remaining counts without jurisdiction over the count that was dismissed with prejudice – a point which was undisputed by all parties.) A judgment dismissing the entire action was entered as a result of this dismissal. 745 F.2d 1101, 1105, 1106 (7th Circ. 1984). Plaintiff's subsequently filed Motion for Leave to Amend was denied because the right to file such a Motion pursuant to FRCP 15(a) was extinguished unless the judgment was set aside or vacated pursuant to FRCP 59 or 60. Moreover, the Court determined that the – even if the Motion had been brought pursuant to FRCP 59 or 60, it was untimely as to FRCP 59 and insufficient as to FRCP 60. Car Carriers, Inc., 745 F.2d at 1106 and 1111.

12. In the instant case, Plaintiff did not file a motion to alter or amend the Judgment pursuant to FRCP 59 and - even if he were to attempt to recharacterize his Motion for Leave to Amend as a motion being brought pursuant to FRCP 59, such a motion would have needed to be filed within 10 days from the date of entry of Judgment. Fed.R.Civ.Proc. 59(b) In this case, the Judgment was entered on November 15, 2005, and the Motion for Leave to Amend was filed on December 15, 2005. As such, Plaintiff's Motion is untimely even if it were to be considered as being brought pursuant to FRCP 59.

13. Plaintiff also did not file a motion for relief from Judgment or Order pursuant to FRCP 60, nor could his Motion for Leave to Amend be possibly characterized as being brought

pursuant to said Rule. Specifically, Plaintiff's Motion for Leave to Amend is based upon his request to add an additional legal theory - an alleged cause of action under the Sherman Antitrust Act – that is based upon the same alleged facts and circumstances as set forth in the original Complaint and the previously filed First Amended Complaint. However, FRCP 60 does not provide for bringing a motion on such a basis. Accordingly, Plaintiff's Motion is insufficient even if it were to be considered as being brought pursuant to FRCP 60.

14. Plaintiff did not file a Notice of Appeal pursuant to the Federal Rules of Appellate Procedure, nor does he attempt to characterize his Motion for Leave to Amend as a Notice of Appeal.

15. Since a Judgment was entered and this case was dismissed, Plaintiff cannot properly bring a Motion for Leave to Amend pursuant to FRCP 15. As such, said Motion should be denied.

WHEREFORE, Defendant, LARRY STERN, respectfully requests Plaintiff's Motion for Leave to Amend First Amended Complaint be denied.

BY: FLYNN, PALMER & TAGUE,
Attorneys for Defendant,

By: /s/ Robert E. Jacobson
Robert E. Jacobson
Flynn, Palmer & Tague
402 West Church Street
P. O. Box 1517
Champaign, IL 61824-1517
Telephone: (217) 352-5181
Fax: (217) 352-7964